IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EMG TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:09-cv-367 |
| | ) | |
| MICROSOFT CORPORATION, et al., | ) | DEFENDANT SCOTTRADE, INC.'S |
| | ) | ANSWER TO FIRST AMENDED |
| Defendants. | ) | COMPLAINT |

Defendant Scottrade, Inc. ("Scottrade"), by and through its counsel, answers the First Amended Complaint of EMG Technology, LLC ("EMG") as follows:

1.  Scottrade admits that this action purports to assert a claim of patent infringement under the patent laws of the United States. Scottrade expressly denies each and every allegation contained in paragraph 1 of the First Amended Complaint not specifically admitted.

2.  Scottrade admits that 28 U.S.C. §1331 gives the district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Scottrade further admits that 28 U.S.C. §1338(a) gives the district courts original jurisdiction of any civil action arising under any Act of Congress relating to patents. Scottrade expressly denies each and every allegation contained in paragraph 2 of the First Amended Complaint not specifically admitted.

3.  Scottrade admits that it is a brokerage firm that provides online trading services to its customers. Scottrade admits that it has transacted and is transacting business in the Eastern District of Texas. Scottrade denies that it has committed any acts of infringement within the jurisdiction of this court.

4.  Scottrade admits that venue is proper in this district. Scottrade further admits it has transacted and does transact business in the Eastern District of Texas. Scottrade denies it

has "committed infringing acts," denies it continues "to commit infringing acts," and specifically denies that EMG's claims against Scottrade have any merit.  Scottrade denies each and every allegation of paragraph 4 of the First Amended Complaint not specifically admitted.

5. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the First Amended Complaint and on that basis denies each and every such allegation.

6. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the First Amended Complaint and on that basis denies each and every such allegation.

7. Scottrade admits that it is a corporation organized under the laws of the State of Arizona.  Scottrade further admits that its principal place of business is at 12800 Corporate Hill Drive, St. Louis, Missouri 63131.  Scottrade also admits that it is a brokerage firm that provides online trading services to its customers and that Scottrade has done and continues to do business in the Eastern District of Texas.  Scottrade expressly denies each and every allegation contained in paragraph 7 of the First Amended Complaint not specifically admitted.

8. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the First Amended Complaint and on that basis denies each and every such allegation.

9. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the First Amended Complaint and on that basis denies each and every such allegation.

10. Scottrade is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the First Amended Complaint and on that basis denies each and every such allegation.

11. Scottrade admits that U.S. Patent No. 7,441,196 ("the '196 Patent") is entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content," and that the face of the patent indicates that it issued on October, 21, 2008, and that Exhibit "A" to the First Amended Complaint included a copy of what purports to be the '196 Patent. Scottrade denies the remainder of the allegations set forth in paragraph 11 of the First Amended Complaint.

12. Scottrade admits that U.S. Patent No. 7,020,845 ("the '845 Patent"), is entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control," that the face of the patent indicates that it issued on March 28, 2006, and that Exhibit "B" to the First Amended Complaint included a copy of what purports to be the '845 Patent. Scottrade denies the remainder of the allegations set forth in paragraph 12 of the First Amended Complaint.

13. Scottrade refers to and incorporates by reference its responses to paragraphs 1-12 herein.

14. As to the allegations relating to defendants Microsoft, Southwest, Priceline, and Zagat, Scottrade is without knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 14 of the First Amended Complaint and on that basis denies each and every such allegation. Scottrade denies each and every remaining allegation of paragraph 14 of the First Amended Complaint.

15. As to the allegations relating to defendants Microsoft, Southwest, Priceline, and Zagat, Scottrade is without knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 15 of the First Amended Complaint and on that basis denies each and every such allegation. Scottrade denies each and every remaining allegation of paragraph 15 of the First Amended Complaint.

16. As to the allegations relating to defendants Microsoft, Southwest, Priceline, and Zagat, Scottrade is without knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 16 of the First Amended Complaint and on that basis denies each and every such allegation. Scottrade denies each and every remaining allegation of paragraph 16 of the First Amended Complaint.

17. Scottrade refers to and incorporates by reference its responses to paragraphs 1-16 herein.

18. As to the allegations relating to defendants Microsoft, Southwest, Priceline, and Zagat, Scottrade is without knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 18 of the First Amended Complaint and on that basis denies each and every such allegation. Scottrade denies each and every remaining allegation of paragraph 18 of the First Amended Complaint.

19. As to the allegations relating to defendants Microsoft, Southwest, Priceline, and Zagat, Scottrade is without knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 19 of the First Amended Complaint and on that basis denies each and every such allegation. Scottrade denies each and every remaining allegation of paragraph 19 of the First Amended Complaint.

20. As to the allegations relating to defendants Microsoft, Southwest, Priceline, and Zagat, Scottrade is without knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 20 of the First Amended Complaint and on that basis denies each and every such allegation. Scottrade denies each and every remaining allegation of paragraph 20 of the First Amended Complaint.

21. With regard to paragraph 21 of the First Amended Complaint, no admission or denial is required.

**FIRST AFFIRMATIVE DEFENSE**

22. Scottrade has not directly or indirectly infringed, contributed to, or induced the infringement of any valid claim of the '196 Patent.

## SECOND AFFIRMATIVE DEFENSE

23. Scottrade has not directly or indirectly infringed, contributed to, or induced the infringement of any valid claim of the '845 Patent.

## THIRD AFFIRMATIVE DEFENSE

24. The claims of the '196 Patent are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

25. The claims of the '845 Patent are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

26. To the extent that EMG attempts to construe the scope of protection of one or more of the claims of the '196 Patent to cover any product or process made, used, sold, or offered for sale by Scottrade, then such claims and the purported inventions defined thereby are invalid and unenforceable as failing to meet the requirements of Title 35 of the United States Code.

## SIXTH AFFIRMATIVE DEFENSE

27. To the extent that EMG attempts to construe the scope of protection of one or more of the claims of the '845 Patent to cover any product or process made, used, sold, or offered for sale by Scottrade, then such claims and the purported inventions defined thereby are invalid and unenforceable as failing to meet the requirements of Title 35 of the United States Code.

**SEVENTH AFFIRMATIVE DEFENSE**

28.     By reason of its acts, representations and omissions during prosecution before the United States Patent and Trademark Office of the applications which resulted in the '196 Patent, EMG is estopped to assert that any claim of the '196 Patent is of such scope as to cover any product or process made, used, sold or offered for sale by Scottrade.

**EIGHTH AFFIRMATIVE DEFENSE**

29.     By reason of its acts, representations and omissions during prosecution before the United States Patent and Trademark Office of the applications which resulted in the '845 Patent, EMG is estopped to assert that any claim of the '845 Patent is of such scope as to cover any product or process made, used, sold or offered for sale by Scottrade.

**NINTH AFFIRMATIVE DEFENSE**

30.     EMG is guilty of laches in that it has unreasonably and inexcusably delayed filing the present suit until after the date on which it knew or should have known of Scottrade's allegedly infringing activities, all to the material prejudice of Scottrade.

**TENTH AFFIRMATIVE DEFENSE**

31.     EMG is barred from recovery in this action in that it has engaged in patent misuse by attempting to impermissibly broaden the scope of the '196 Patent to cover Scottrade's mobile website technology, resulting in an anti-competitive effect.

**ELEVENTH AFFIRMATIVE DEFENSE**

32.     EMG is barred from recovery in this action in that it has engaged in patent misuse by attempting to impermissibly broaden the scope of the '845 Patent to cover Scottrade's mobile website technology, resulting in an anti-competitive effect.

**TWELFTH AFFIRMATIVE DEFENSE**

33.     Each count of EMG's First Amended Complaint fails to state a claim upon which relief may be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

34. The '196 Patent is unenforceable in its entirety.

### COUNTERCLAIMS

35. Defendant/counterclaimant Scottrade incorporates by reference its answers and affirmative defenses as set forth above in paragraphs 1 through 34 as if fully set forth herein and asserts the following counterclaims against Plaintiff/counterclaim defendant EMG Technology, LLC.

### Parties

36. Scottrade is an Arizona corporation with its principal place of business at 12800 Corporate Hill Drive, St. Louis, Missouri 63131.

37. Plaintiff EMG Technology, LLC alleges in its First Amended Complaint that it is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

### Jurisdiction and Venue

38. These counter claims include claims for declaratory judgment of patent non-infringement and thus jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100, et seq., concerning actions related to patents and 28 U.S.C. § 1338.

39. EMG alleges that the '196 Patent, entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming, and Scrolling Internet Content" was issued on October 21, 2008.

40. EMG alleges that the '845 Patent, entitled "navigating Internet Content on a Television Using a Simplified Interface and a Remote Control" was issued on March 28, 2006.

41. EMG, through this lawsuit, has asserted and continues to assert that Scottrade's promotion and/or sale of its services through its Internet web sites that have been reformatted

for use on portable devices and cellular phones somehow constitute infringement of any claim of the '196 or '845 Patents.

42. Scottrade is not infringing and is not threatening to infringe any claim of the '196 Patent.

43. Scottrade is not infringing and is not threatening to infringe any claim of the '845 Patent.

44. The '196 Patent is invalid, unenforceable and/or void.

45. The '845 Patent is invalid, unenforceable and/or void.

46. EMG, through this lawsuit, has created a substantial controversy, between itself and Scottrade, of sufficient immediacy and reality to warrant relief.

**Count One – Declaratory Relief Regarding Non-Infringement of '196 Patent**

47. Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

48. None of the claims of the '196 Patent have been directly infringed by Scottrade.

49. None of the claims of the '196 Patent have been contributorily infringed by Scottrade.

50. None of the claims of the '196 Patent have been infringed by active inducement by Scottrade.

51. Based on EMG's filing of its suit and Scottrade's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Scottrade has infringed any claim of the '196 Patent.

52. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et. seq., Scottrade requests a declaration from the Court that Scottrade does not infringe any claim of the '196 Patent either directly, contributorily, or by inducement.

**Count Two – Declaratory Relief Regarding Non-Infringement of '845 Patent**

53. Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

54. None of the claims of the '845 Patent have been directly infringed by Scottrade.

55. None of the claims of the '845 Patent have been contributorily infringed by Scottrade.

56. None of the claims of the '845 Patent have been infringed by active inducement by Scottrade.

57. Based on EMG's filing of its suit and Scottrade's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to whether or not Scottrade has infringed any claim of the '845 Patent.

58. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et. seq., Scottrade requests a declaration from the Court that Scottrade does not infringe any claim of the '845 Patent either directly, contributorily, or by inducement.

**Count Three – Declaratory Relief Regarding Unenforceability of '196 Patent**

59. Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

60. The '196 Patent is unenforceable in its entirety and has been unenforceable since the date of its issuance.

61. United States Patent No. 6,600,497 ("the '497 Patent") issued on July 29, 2003. As of its issuance date to August 4, 2009, the '497 Patent has been owned by: Grant Gottfurcht 2003 Irrevocable Trust (25%); Marlo Longstreet 2003 Irrevocable Trust (25%) and Elliot A. Gottfurcht (50%).

62. During the prosecution of the application that ultimately issued as the '196 Patent, U.S. Patent Application Serial No. 11/373,324 ("the '324 Application"), all of the

claims of the application were rejected on grounds of double patenting over the '497 Patent and the '845 Patent.

63.     In response to the rejection of the claims of the '324 Application over the '497 Patent, a "TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A 'PRIOR' PATENT" was submitted to the United States Patent and Trademark Office on behalf of each of the then owners of the '324 Application. Each instrument specifically identified the '497 Patent as a "prior patent" and explicitly stated that "[t]he owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns." The date on all such instruments was 06/06/2008.

64.     In response to the rejection of the claims of the '324 Application over the '845 Patent, a "TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A 'PRIOR' PATENT" was submitted to the United States Patent and Trademark Office on behalf of each of the then owners of the '324 Application. Each instrument specifically identified the '845 Patent as a "prior patent" and explicitly stated that "[t]he owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the guarantee, its successors or assigns." The date on all such instruments was 06/06/2008.

65.     On August 7, 2008, the '497 Patent ceased to be commonly owned with the '324 Application (which later issued as the '196 Patent). On that date, an assignment was issued transferring all of the right, title, and interest in and to the '324 Application from Elliott A. Gottfurcht to an entity with no ownership rights in the '497 Patent. From that date to

August 4, 2009, the '324 Application and the '196 Patent, which issued from the '324 Application, have not been commonly owned with the '497 Patent.

66.     On August 7, 2008, the '845 Patent ceased to be commonly owned with the '324 Application (which later issued as the '196 Patent).  On that date, an assignment was issued transferring all of the right, title, and interest in and to the '324 Application from Elliott A. Gottfurcht to an entity with no ownership rights in the '497 Patent.  From that date to January 2, 2009, the '845 and the '196 Patent have not been commonly owned with the '497 Patent.

67.     Because the '196 Patent was not commonly owned with the '497 Patent when the '196 Patent issued, and has not been commonly owned with the '497 Patent until August 4, 2009, the '196 Patent is unenforceable over that period, and no acts of infringement can be found to have occurred over that period and no damages can be assessed over that period, by virtue of the express language of the TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A 'PRIOR' PATENT that was presented during the prosecution of the '324 Application that referenced the '497 Patent.

68.     Because the '196 Patent was not commonly owned with the '845 Patent when the '196 Patent was issued, and was not commonly owned with the '845 Patent until January 2, 2009, the '196 Patent is unenforceable over that period, and no acts of infringement can be found to have occurred over that period and no damages can be assessed over that period, by virtue of the express language of the TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A 'PRIOR' PATENT that was presented during the prosecution of the '324 Application that referenced the '845 Patent.

### Count Four – Declaratory Relief Regarding Invalidity of '196 Patent

69.     Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

70. The asserted claims of the '196 Patent are invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 102, 103, and 112.

71. Prior art to the '196 Patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103.

72. Based on EMG's filing of its suit and Scottrade's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '196 Patent.

73. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et. seq., Scottrade requests a declaration from the Court that each of the claims of the '196 Patent is invalid, unenforceable, and/or void because it fails to comply with the provisions of the patent laws, 35 U.S.C. § 100, et seq., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Count Five – Declaratory Relief Regarding Invalidity of '845 Patent

74. Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

75. The asserted claims of the '845 Patent are invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, 35 U.S.C. §§ 102, 103, and 112.

76. Prior art to the '845 Patent renders the asserted claims invalid under 35 U.S.C. §§ 102 and/or 103.

77. Based on EMG's filing of its suit and Scottrade's Affirmative Defenses, an actual substantial controversy of sufficient immediacy and reality has arisen and now exists between the parties as to the validity of the claims of the '845 Patent.

78.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et. seq., Scottrade requests a declaration from the Court that each of the claims of the '845 Patent is invalid, unenforceable, and/or void because it fails to comply with the provisions of the patent laws, 35 U.S.C. § 100, et seq., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Count Six – False Marking

79.     Scottrade re-alleges the allegations of the previous paragraphs of its counterclaims.

80.     In violation of the patent laws of the United States, EMG has falsely marked at least one of its products with patent numbers of patents that do not cover the product.  *See* 35 U.S.C. § 292.

81.     An example of EMG's false marking is shown at the MallTV website located at http://www.malltv.com (the "MallTV Website").  On information and belief, this website is owned and controlled by one or more of the principals of EMG.  This website states "MallTV.com operates on proprietary technology that is protected by one or more of the following United States Patents:  U.S. Patent Number 6,600,497  U.S. Patent Number 7,020,845 U.S. Patent Number 7,194,698 U.S. Patent Number 7,441,196…."

82.     On information and belief, the MallTV Website does not utilize the subject matter of any of the claims of United States Patent No. 6,600,497 ("the '497 Patent").

83.     On information and belief, EMG has no good faith basis to believe that the claims of the '497 Patent apply to the MallTV Website and no good faith basis for including the '497 Patent number on the MallTV Website.

84.     On information and belief, the MallTV Website does not utilize the subject matter of any of the claims of United States Patent No. 7,020,845 (the "'845 Patent").

85.     On information and belief, EMG has no good faith basis to believe that the claims of the '845 Patent apply to the MallTV Website and no good faith basis for including the '845 Patent number on the MallTV Website.

86.     On information and belief, the MallTV Website does not utilize the subject matter of any of the claims of United States Patent No. 7,194,698 (the "'698 Patent").

87.     On information and belief, EMG has no good faith basis to believe that the claims of the '698 Patent apply to the MallTV Website and no good faith basis for including the '698 Patent number on the MallTV Website.

88.     On information and belief, the MallTV Website does not utilize the subject matter of any of the claims of United States Patent No. 7,441,196 (the "'196 Patent").

89.     On information and belief, EMG has no good faith basis to believe that the claims of the '196 Patent apply to the MallTV Website and no good faith basis for including the '196 Patent number on the MallTV Website.

90.     The mismarking of the MallTV Website with the patent numbers for the '497, '845, '698 and '196 Patents, coupled with the absence of a reasonable good faith belief that such patents applied to the MallTV Website warrants the drawing of an inference that EMG had a fraudulent intent in marking the MallTV Website with such patent numbers such that the marking of the MallTV Website with these numbers constituted false marking under 35 U.S.C. § 292. *See Clontech Labs. V. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).

91.     The fact that the MallTV Website may be covered by one or more patents does not render the MallTV Website a patented product with respect to the '497, '845, '698 or '196 Patents or remedy EMG's false marking with respect to those patents. "When the statute refers to an 'unpatented article' the statute means that the article in question is not covered *by at least one claim of each patent with which the article is marked*." *Clontech*, 406 F.3d at 1351 (emphasis added).

92. The inclusion of the statement that the MallTV Website "operates on proprietary technology that is protected by *one or more of the following United States Patents*" (emphasis added) does not remedy EMG's false marking with respect to the '497, '845, '698 or '196 Patent. Under no circumstances can or does the MallTV Website operate on technology covered by any claim of the '497, '845, '698 or '196 Patent. Thus, the statement that the MallTV Website "is protected" by "one or more of", and the implications that the MallTV Website could be covered by a claim of, the '497, '845, '698 or '196 Patent is inaccurate.

93. EMG should be fined for its false marking in accordance with 35 U.S.C. § 292.

**PRAYER FOR RELIEF**

WHEREFORE, Scottrade, Inc. prays that this Court enter judgment:

A. A declaration that Scottrade has not infringed any claim of the '196 Patent;

B. A declaration that Scottrade has not infringed any claim of the '845 Patent;

C. A declaration that each of the claims of the '196 Patent is invalid;

D. A declaration that each of the claims of the '845 Patent is invalid;

E. A declaration that each of the claims of the '196 Patent is unenforceable;

F. A declaration that each of the claims of the '845 Patent is unenforceable;

G. A judgment that all claims against Scottrade be dismissed with prejudice;

H. A declaration that the asserted claims of the '196 Patent cannot validly cover Scottrade's accused acts and systems;

I. A declaration that the asserted claims of the '845 Patent cannot validly cover Scottrade's accused acts and systems;

J. A declaration that EMG falsely marked its products;

K. An order that EMG pay a fine under 35 U.S.C. § 292;

L. A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

M.	A judgment that EMG take nothing by way of its First Amended Complaint;

N.	An award to Scottrade of its costs and disbursements in this action, including reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285 and other applicable law; and

O.	An award to Scottrade of such further relief as the Court may deem appropriate.

## JURY TRIAL DEMAND

Scottrade, Inc. demands a trial by jury on all issues triable of right by jury.

Thompson Coburn LLP

By:	/s/ Jason M. Schwent
Thomas Douglass
John H. Howell
Jason M. Schwent
One US Bank Plaza
St. Louis, MO  63101
(314) 552-6000
(314) 552-7000 (fax)
tdouglass@thompsoncoburn.com
jhowell@thompsoncoburn.com
jschwent@thompsoncoburn.com

Trey Yarbrough
Bar No. 22133500
Yarbrough Wilcox, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX  75702
(903) 595-3111
(903) 595-0191 (fax)
trey@yw-lawfirm.com

*Attorneys for Defendant Scottrade, Inc.*

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on this 9th day of October, 2009.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

                                                /s/ Jason M. Schwent  
                                               Jason M. Schwent