# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **EMG TECHNOLOGY, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **CASE NO. 6: 09 CV 367** |
| | § | **PATENT CASE** |
| **APPLE, INC.** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay the Litigation Pending *Inter Partes* Reexamination of U.S. Patent Nos. 7,441,196 and 7,020,845 by the United States Patent and Trademark Office (Docket No. 108). Having considered the parties' written submissions, the Court **DENIES** the motion.

## BACKGROUND

On November 24, 2008, EMG filed suit against Apple, Inc., American Airlines, Inc., Dell, Inc., Hyatt Corporation, Marriott International, Inc., and Barnes & Noble, Inc. On August 14, 2009, EMG filed suit against Defendants Microsoft Corporation, Scottrade, Inc., Southwest Airlines Co., Priceline.com, Inc., Zagat Survey, LLC, and Comcast Corporation (collectively "Defendants"). EMG sued Defendants for infringement of U.S. Patent No. 7,441,196 (the "'196 patent") and U.S. Patent No. 7,020,845 (the "'845 patent"). On February 5, 2010, the two actions were consolidated.

On December 21, 2009, Apple filed petitions in the Patent Office for *inter partes* reexaminations of both patents-in-suit. On February 2, 2010, the PTO granted *inter partes* reexamination and issued an Office Action for both patents-in-suit, rejecting every claim of both

patents. In March 2010, Defendants moved to stay this litigation pending the outcome of the reexamination proceedings. The *Markman* hearing in this case is set for January 27, 2011, and trial is set to begin on September 12, 2011.

## APPLICABLE LAW

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (Davis, J.); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340,1341 (Fed. Cir. 1983). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Soverain Software LLC*, 356 F. Supp. 2d at 662 ; *see also Landis*, 299 U.S. at 254–55. In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC*, 356 F. Supp. 2d at 662; *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

## ANALYSIS

*Prejudice*

The first factor, whether a stay would unduly prejudice or present a tactical disadvantage to EMG, weighs in favor of denying a stay. Defendants contend that EMG will not be unduly prejudiced by a stay for several reasons. First, Defendants contend that the United States Patent and Trademark Office ("PTO") is acting quickly on this reexamination, suggesting that the process will

be completed sooner than most reexaminations. Second, Defendants argue EMG has demonstrated that it is in no hurry to get to trial, because EMG consented to consolidation of two cases, which resulted in a trial date that is nearly two years from the date of the instant motion. Third, Defendants contend that EMG is not prejudiced by any delay because it does not practice its patents nor does it have a product or service on the market. Thus, Defendants argue EMG will only be entitled to money damages, which will continue to accrue during the stay.

EMG contends that Apple's filing of an *inter partes* reexamination, over 15 months after EMG filed suit, is a dilatory tactic. EMG argues that because the *inter partes* reexamination process can last approximately 6-7 years, this type of delay would cause undue prejudice and irreparable harm to EMG. EMG argues that while the case is stayed, witnesses' memories will fade, businesses may change, and evidence may be lost. EMG further argues that a stay will deprive it of remedies to which it is entitled.

EMG would be unduly prejudiced if the Court were to grant the stay because a stay would effectively prevent EMG from enforcing its patent rights for as long as 6-7 years. Defendants' arguments for a stay are clearly outweighed by EMG's concerns regarding witnesses' memories and lost evidence. Furthermore, contrary to Defendants' assertions, EMG may be entitled to an injunction even though it does not practice its patent. *See BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647 (E.D. Tex. 2009) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 393 (2006)). EMG will be able to collect damages for infringement occurring during the stay should it prevail in this litigation. However, damages alone may not fully compensate EMG for the delay resulting from reexamination. Accordingly, because EMG will suffer undue prejudice if the case

is stayed pending reexamination, this factor weighs in favor of denying a stay.

*Simplification of Issues*

The second factor, whether a stay would simplify the issues in this case, is more equivocal but weighs in favor of denying a stay. EMG alleges that Defendants infringe the '845 and '196 patents. Defendants contend the patents are invalid. Defendants argue that because the PTO rejected all of the claims of both of the patents in the Office Action, there is no reason for the parties and the Court to devote time and resources to the litigation of claims that will likely be cancelled or materially amended during the PTO's reexamination. EMG argues that the PTO's initial rejection of claims is not uncommon and it is too early in the reexamination process to predict the final outcome.

It is not uncommon for claims to be initially rejected in the re-examination process. The initial office action is merely the first of many steps in the re-examination process. This Court has held that an initial office action by the PTO rejecting claims as unpatentable does not materially change the situation from when the PTO granted the reexamination because the reexamination proceeding is only slightly closer to resolution. *Soverain Software LLC*, No. 6:04cv14, Docket No. 258, at 1 (E.D. Tex. April 29, 2005); *Forgent Networks, Inc v. Echostar Tech. Corp.*, No. 6:06cv208, Docket No. 403, at 5 (E.D. Tex. November 20, 2006); *Orion IP, LLC v. Mercedes-Benz, USA, LLC*, No. 6:05cv322, 2008 WL 5378040 (E.D. Tex. Dec. 22, 2008). EMG will have an opportunity to respond to the initial action, the PTO will then issue further office action(s), to which EMG will respond, and the PTO will eventually issue a final office action. If that action is adverse to EMG, EMG may appeal to the Board of Patent Appeals and Interferences and to the Federal

Circuit. This process could take years.

Defendants argue that a stay will ensure that the parties will not waste substantial time and resources in this litigation, and the *inter partes* reexamination will provide an alternate forum for parties to address and resolve contentions of invalidity. While reexamination would substantially simplify this case if the PTO cancels all allegedly infringed claims of the patents, this argument can be made in every patent case in which a request for reexamination is made. To grant a stay based on this argument would invite parties to unilaterally derail timely patent case resolution by seeking reexamination and not promote the efficient and timely resolution of patent cases. The Court is unwilling to adopt a *per se* rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected. Although some of the claims may change in this case, the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold. Accordingly, the possibility of issue simplification is not sufficiently persuasive in this case, and this factor weighs in favor of denying a stay.

*Timing*

The third factor, whether discovery is complete and whether a trial date has been set, weighs in favor of granting a stay. Defendants argue that this litigation is still in its early stages and discovery has barely begun. EMG counters that, although the case may be in its early stages, this fact in itself does not favor a stay. The motions to stay were filed shortly after the PTO granted the *inter partes* reexamination, approximately ten months before the scheduled *Markman* hearing and eighteen months before the scheduled trial date. This factor weighs in favor of

granting a stay.

## CONCLUSION

After considering the prejudice to EMG, the possibility of issue simplification, and the resources already invested in this case, a stay is inappropriate. Staying the case based solely on the speculation of what might possibly happen during reexamination would be inefficient. Accordingly, the Court **DENIES** Defendants' Motions to Stay (Docket No. 108).

**So ORDERED and SIGNED this 15th day of November, 2010.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**